

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY CORREA,

                Plaintiff,

-against-

WARDEN HAROLD L. SMITH; CPL.
CALANGELO; CAPT. JAMES E. GINTY;
DEPUTY R. RUGGIERO; LT. CHRIS BINI;
CPL. MATIS; FRANK LABUDA, ESQ.,

                Defendants.

---

20-CV-5791 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. §1983, in connection with events occurring at the Sullivan County Jail. By order dated August 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in the amended complaint are Warden Smith, Cpl. Calangelo, Capt. Ginty, Deputy R. Ruggiero, Lt. Chris Bini, Cpl. Matis, and Frank LaBuda, Esq., a former judge.[2] Plaintiff Correa alleges that during his detention at the Sullivan County Jail he was denied access to Muslim services, Halal meals, and an Imam, and physically and verbally mistreated because of his faith; that he was denied access to the law library and to sufficient postage or paper for mailing purposes; that jail officials failed to provide him with the means to protect himself from contracting COVID-19, restricted access to showers, recreation time, and other programs and services, and that he was exposed to mold, mildew, insects, and sewage. Plaintiff also alleges that he was housed with a "documented 'keep-separate' inmate," which put [him] in" danger. The claims against LaBuda may arise from his having presided over Plaintiff's criminal proceedings. Attached to Correa's amended complaint are approximately 60 pages of grievances, letters, and other attachments.

## DISCUSSION

### A.    Claims Against Frank LaBuda

Plaintiff names as a defendant Frank LaBuda, a former judge. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related

---

[2] Plaintiff filed his original complaint with two other detainees, Richard Vogel and Jeremiah Herbert. On August 14, 2020, Judge Stanton issued orders severing the claims, directing the Clerk's Office to open separate cases for each plaintiff, and instructing each plaintiff to submit an amended complaint to address deficiencies in the original pleading. (ECF No. 11.) *See Herbert v. Ginty*, ECF 7:20-CV-6348, 14 (PMH); *Vogel v. Ginty*, 7:20-CV-6349, 9 (NSR). Each plaintiff filed a similar amended complaint. (ECF No. 16.) The matter was then reassigned to my docket. Vogel was transferred to Downstate Correctional Facility, and Herbert remains at the Sullivan County Jail.

3

to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims against LaBuda appear to arise out of his rulings and actions while presiding over Plaintiff's criminal proceedings. These actions were within the scope of LaBuda's judicial capacity and jurisdiction, and Plaintiff's claims against LaBuda are therefore dismissed on immunity grounds. 28 U.S.C. §1915(e)(2)(B)(iii).

**B.     Access-to-Court Claim**

Plaintiff's access-to-court claim is dismissed for the reasons set forth in Judge Stanton's August 14, 2020 order to amend. In short, Plaintiff provides no facts showing that limitations on his access to the law library or to specific materials resulted in actual injury to Plaintiff, such as the dismissal of an otherwise meritorious legal claim. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). And there are insufficient facts to suggest that defendants subjected Plaintiff to regular and unjustifiable interference with his mail.

4

*See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Accordingly, Plaintiff's claims that arise out of the alleged denial of access to the law library and postage and paper are dismissed for failure to state a claim on which relief may be granted.[3] 28 U.S.C. §1915(e)(2)(B)(ii).

## C.   Other Conditions-of-Confinement Claims

Plaintiff alleges in the amended complaint that Defendants failed to provide him with the means to protect himself from contracting COVID-19, restricted his access to showers, recreation time, and other services and programs, and exposed him to mold, mildew, insects, and sewage.

The Court construes Plaintiff's complaint to assert that prison officials were deliberately indifferent to conditions of Plaintiff's confinement that posed a serious threat to Plaintiff's health or safety. If Plaintiff was a pretrial detainee during the events that are the basis for his claims, then his claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the

---

[3] District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff another opportunity to amend his complaint in connection with these claims.

5

challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether Plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32. A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correctional official is not a basis for a

6

claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more generous standard applies. But Plaintiff has not stated a plausible Fourteenth Amendment claim because his allegations are vague. He does not allege specific facts showing that these conditions put his health or safety at risk and that prison officials acted with deliberate indifference. For example, Plaintiff does not explain for how long he was exposed to these circumstances. *See, e.g., Carr v. Canty*, No. 10-CV-3829 (JPO), 2012 WL 3578742, at *3 (S.D.N.Y. Aug. 16, 2012) (dismissing complaint that alleged prisoner experienced plumbing deficiencies because he "must do more than make conclusory allegations of 'poor plumbing'"); *Gaston v. Coughlin*, 249 F.3d 156, 166 (2d Cir. 2001) (finding that exposure to human feces, urine, and sewage water could violate constitutional rights); *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) (holding that convicted prisoner stated Eighth Amendment claim by alleging that for "twenty-eight months, he was confined in a cell with five other men, with inadequate space . . . that made sleep difficult and placed him at constant risk of violence and serious harm from cellmates.").

Should Plaintiff wish to pursue these claims, he may file a second amended complaint to provide sufficient facts to state a Fourteenth Amendment claim.

**D.     Order of Service**

The amended complaint arguably sets forth sufficient facts to support Plaintiff's claims that his right to practice his religion was infringed upon, that he was subjected to abuse because of his religion, and that he was housed with other detainees from whom he was supposed to be separated.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

7

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Sullivan County Jail Warden Smith, Cpl. Calangelo, Capt. James Ginty, Deputy R. Ruggiero, Lt. Christopher Bini, and Cpl. Matis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

E.   **Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Sullivan County Jail Warden Smith, Cpl. Calangelo, Capt. James Ginty, Deputy R. Ruggiero, Lt. Christopher Bini, and Cpl. Matis and deliver all documents necessary to effect service to the U.S. Marshals Service.[5]

The Court dismisses Plaintiff's claims against Frank LaBuda, Esq on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The access-to-court claim is denied for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to replead his other conditions of confinement claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

[5] At this stage, this matter is proceeding on Plaintiff's claims that his right to practice his religion was infringed upon, that he was subjected to abuse because of his religion, and that he was housed with other detainees from whom he was supposed to be separated.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 27, 2020
         White Plains, New York

                                                  VINCENT L. BRICCETTI
                                                  United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Warden Harold Smith
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

2. Cpl. Colangelo
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

3. Capt. James Ginty
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

4. Deputy R. Ruggiero
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

5. Lt. Christopher Bini
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

6. Cpl. Matis
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701